NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-106

IN RE: KITE RV, LLC

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2008-2682
HONORABLE RONALD F. WARE, DISTRICT JUDGE

**********

VAN H. KYZAR

JUDGE

**********

AMENDED JUDGMENT

Court composed of Billy Howard Ezell, John E. Conery, and Van H. Kyzar, Judges.

OCTOBER 24, 2018 JUDGMENT RESCINDED;
MARCH 20, 2013 JUDGMENT REINSTATED AS AMENDED.

**Scott J. Scofield**
**Scofield, Gerard, Pohorelsky, Gallaugher & Landry**
**P.O. Drawer 3028**
**Lake Charles, LA 70602**
**(337) 433-9436**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Robert J. Kite**
    **Kite Bros., L.L.C.**

**Kenneth Michael Wright**
**203 West Clarence Street**
**Lake Charles, LA 70601**
**(337) 439-6930**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **R. Alan Kite**

## AMENDED JUDGMENT

**KYZAR, Judge.**

For the following reasons, this court, on its own motion, rescinds its October 24, 2018 judgment, and reinstates its prior March 20, 2013 judgment, as amended.

The facts and early procedural history of this case were sufficiently detailed in our previous judgment and will not be repeated herein, except to state that a judgment was rendered by the trial court on September 6, 2012, from which judgment the appellants, Robert J. Kite, Jeffrey D. Kite, and Kite Bros., L.L.C. (referred to collectively as "the Appellants"), appealed.[1] *In Re: Kite RV, LLC*, 13-106 (La.App. 3 Cir. 3/20/13) (unpublished opinion). As the judgment was rendered on various exceptions filed by the Appellants, this court, on its own motion, issued a rule to show cause on February 4, 2013, why the trial court's judgment should not be dismissed as having been taken from a non-appealable interlocutory order. Thereafter, on March 20, 2013, this court rendered judgment, finding that the judgment appealed from was a non-appealable interlocutory ruling. *Id.* Thus, we dismissed the Appellants' appeal and granted them thirty days in which to file an application for supervisory writs.

Within that thirty-day period, the Appellants filed a motion to stay this matter pending the outcome of bankruptcy proceedings involving R. Alan Kite. Based on this motion, this court issued an April 17, 2013 order suspending the Appellants' writ application deadline based on the automatic stay issued by the federal bankruptcy court. Thereafter, on May 28, 2015, the parties in this matter were notified by letter by the clerk of this court that this matter had been idle for more

---

[1] We note, however, that the March 20, 2013 judgment erroneously stated that the appeal was filed by the plaintiff, R. Alan Kite. Rather, it was filed by the appellants, Robert J. Kite, Jeffrey D. Kite, and Kite Bros., L.L.C.

than one year. The clerk asked that counsel for the parties notify him "whether the matter is still viable or should be dismissed or abandoned." A second letter was sent out to counsel on July 11, 2018, with the same request. In response to this letter, counsel for R. Alan Kite notified the clerk on July 24, 2018, that the bankruptcy proceeding involving his client had been completed on April 25, 2018. Counsel stated that [t]he only impediment to proceeding was the bankruptcy proceeding, which is no[w] over. The matter can properly proceed."

Contrary to the March 20, 2013 judgment, we erroneously issued a September 6, 2018 order, which ordered the parties "to show cause, no later than September 21, 2018, by brief only, why the appeal should not be placed back on the docket." Only the Appellants responded to this order, arguing that for various reasons this matter should not be placed back on the appellate docket.[2] Subsequently, we rendered an October 24, 2018 judgment, lifting the July 18, 2013 bankruptcy stay and ordering the Appellants' appeal returned to the appellate docket. *In Re: Kite RV, LLC*, 13-106 (La.App. 3 Cir. 10/24/18) (unpublished opinion).

Now, sua sponte, we find that we were in error in placing the Appellants' appeal back on the appellant docket since that appeal had previously been dismissed. Thus, we rescind the October 24, 2018 judgment and reinstate the March 20, 2013 judgment, which permitted the Appellants thirty days from the rendition of that judgment to file for supervisory writs in order to pursue their claims against R. Alan Kite. However, we amend that judgment to allow the Appellants an additional thirty days from the rendition of this judgment within which to seek supervisory writs.

---

[2] On January 7, 2019, counsel for the Appellants filed a motion to withdrawal as counsel for Jeffrey D. Kite, which was granted by the clerk of this court on January 8, 2019.

2

## DISPOSITION

For the foregoing reasons, we rescind the October 2, 2018 judgment. We further reinstate the March 20, 2013 judgment, as amended, to allow the appellants, Robert J. Kite, Jeffrey D. Kite, and Kite Bros., L.L.C., to file for supervisory writs within thirty days of the rendition of this judgment.

**OCTOBER 24, 2018 JUDGMENT RESCINDED; MARCH 20, 2013 JUDGMENT REINSTATED AS AMENDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.

3